IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

ADALBERTO VÁZQUEZ-RIVERA,

   Plaintiff,

   v.                                                                                       CIVIL NO.: 19-1216 (MEL)

COMMISSIONER OF SOCIAL SECURITY,

   Defendant.

**OPINION AND ORDER**

On February 10, 2020, judgment was entered remanding this case to the Commissioner of Social Security for further administrative proceedings pursuant to the fourth sentence of Title 42, United States Code, Section 405(g). ECF No. 21. On May 1, 2020, counsel Pedro G. Cruz-Sánchez ("Cruz-Sánchez") filed a motion for $1,477.80 in attorney's fees pursuant to the Equal Access to Justice Act (EAJA), Title 28, United States Code, Section 2412. ECF No. 22. This motion was granted on June 1, 2020. ECF No. 24.

On September 15, 2020, that is more than seven months after judgment was entered, Cruz-Sánchez filed a petition for $8,807.50 in attorney's fees pursuant to Title 42, United States Code, Section 406(b). ECF No. 25. The Commissioner of Social Security responded, among other matters, that "[c]ounsel's request appears to be untimely." ECF No. 27, at 2. Back then Chief Judge Gustavo Gelpí determined on October 19, 2020 that "an Equal Access to Justice Act award of $1080.00, which is seven point two (7.2) hours times $150 per hour, is reasonable." ECF No. 29.

Pending before the court is Cruz-Sánchez's motion – filed on November 11, 2020 -- for reconsideration of the order dated October 19, 2020. ECF No. 30. The Commissioner of Social Security then moved the court for a 45-day extension of time to evaluate Cruz-Sánchez's motion

for attorney's fees under Section 406(b). ECF No. 31. On January 7, 2021 the Commissioner of Social Security asked for another 45-day extension of time. ECF No. 32. Finally, the Commissioner filed a response, which can be summed up as follows: "[T]he Commissioner states that the request for fees under § 406 (b) is untimely and leaves up to the court to determine the reasonableness of the fee." ECF No. 34. Cruz-Sánchez then filed a reply to the Commissioner of Social Security's response. ECF No. 39.

      Cruz-Sánchez's motion for reconsideration has two components. The first one is a request to vacate the order entered on October 19, 2020 because EAJA fees and Section 406(b) fees are distinct. Since EAJA fees had already been awarded on June 1, 2020, there was no need for the court to rule again on EAJA fees. Furthermore, Cruz-Sánchez's second motion for attorney's fees was pursuant to Section 406(b), not EAJA. Therefore, the order issued on October 19, 2020 incorrectly invokes EAJA when it should have evaluated Cruz-Sánchez's second motion for attorney's fees under Section 406(b). In this regard, Cruz-Sánchez's motion for reconsideration is sound and the relief requested is GRANTED. Accordingly, the order issued by the court on October 19, 2020 (ECF No. 29) is hereby VACATED.

      The second component of the pending motion for reconsideration has to do with Cruz-Sánchez's Section 406(b) fees. Cruz-Sánchez has informed that he received three rounds of Notices of Award ("NOA") pertaining plaintiff Adalberto Vázquez Rivera and his auxiliary, Amarilis Vázquez Rolón. ECFR No. 44. The first round was dated April 27, 2020, and Cruz-Sánchez does not know the exact date of when he received the NOA, but he "assume[s] five to fifteen days after April 27, 2020." *Id.* at 1. The second and corrected NOA was dated November 25, 2020. *Id.* at 2. Cruz-Sánchez does not know when he was notified, but he believes that "it was probably 5 to 15 days from November 25, 2020." *Id.* The third round was dated January 25,

2022 and once again, Cruz-Sánchez does not know when he was notified of the same, "but it was probably 5 to 15 days after January 25, 2022." *Id.*

There is an issue with the timing of Cruz-Sánchez's petition for attorney's fees. Taking Cruz-Sánchez's assumptions into account, the first round dated April 27, 2020 was notified to him not later than May 12, 2020. Yet, his petition for attorney's fees under Section 406(b) was filed on September 15, 2020, that is more than four months after he was notified of the first NOA round. Prior to the February 28, 2022 amendment to Local Rule 9 of this court, I had held that "a petition for attorney's fees under Section 406(b) must be filed within fourteen (14) days of counsel receiving notice of the benefits award" and that "Federal Rule of Civil Procedure 54(d)(2)(B)'s filing deadline is tolled until the Commissioner of Social Security issues the notice of award and the attorney is notified of the same." *Meléndez v. Comm's of Soc. Sec.*, 18-1965 (MEL), 2021 WL 4485393, at 1-2 (citing *Sinkler v. Berryhill*, 932 F.3d 83 (2d Cir. 2019). *See also Camacho v. Comm's of Soc. Sec.*, 19-1694 (MEL). Therefore, the petition for Section 406(b) fees filed on September 15, 2020 was untimely and the delay in filing the same was unreasonable.

With regard to the second and third rounds of NOA, once again using Cruz-Sánchez's assumptions as a benchmark only for the limited purposes of this case, counsel received them not later than December 10, 2020 and February 9, 2022, that is prior to the effective date of the amendment to Local Rule 9. The date of Cruz-Sánchez's petition for §406(b) fees, however, is September 15, 2020. Therefore, with respect to the second and third rounds of NOA, Cruz-Sánchez's petition for §406(b) fees was premature, as it was not based on the NOAs received by him on the second and third rounds. If, in the alternative, Cruz-Sánchez were to file now a new petition for §406(b) fees based on the second or third NOAs, it would be also untimely, both

under the standard mentioned above which I had articulated for the filing of §406(b) petitions prior to February 28, 2022 and also under the current, amended Local Rule 9.[1]

The court cannot evaluate a petition for §406(b) fees on a piecemeal basis, taking into account NOAs that had not been issued when the petition for §406(b) fees was filed. Once NOAs are notified to counsel, counsel must promptly file his request for attorney's fees under section 406(b).

WHEREFORE, Cruz-Sánchez's motion for reconsideration is GRANTED IN PART AND DENIED IN PART. The order issued by the court on October 19, 2020 (ECF No. 29) is VACATED. The petition for attorney's fees under Section 406(b), however, is DENIED on untimeliness grounds.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 19th day of October, 2022.

s/Marcos E. López<br>U.S. Magistrate Judge

---

[1] Local Rule 9 of this court, amended on February 28, 2022, provides in its pertinent part that "[a] party seeking attorneys' fees pursuant to 42 U.S.C. §406(b) shall have thirty (30) days after counsel's receipt of the original, amended, or corrected Notice of Award, or the Social Security Correspondence sent at the conclusion of the Agency's past-due benefit calculation, stating the amount withheld."